Lipscomb, J.
By the 7th section of an act supplementary to an act to detect fraudulent land certificates, and to provide for issuing patents to legal claimants, passed 4th February, 1841, (Acts of 1841, p. 172,) it is provided “that it shall be the duty of the successful claimant, upon his receipt of his certificate from the clerk of the District Court, as before provided, to pay to the. said clerk the sum of ten dollars in Texas treasury notes, which shall cover all costs in and about said suit.” The terms in which this section are expressed are plain and unambiguous, and leave no room for construction. The sum of ten dollars in Texas treasury notes is the only amount authorized to be received for the costs from the claimant when successful; and this not by the judgment or execution, but as a condition precedent to his recovering his certificate. The means of coercion is not by execution, but is in the hands of the clerk and not a subject of taxation in a bill of costs.
The power of the Legislature to fix the amount of costs cannot be disputed. It may have been, and perhaps was, thought that it was a hardship on a party claimant whose claim was genuine to be driven to the trouble and expense of establishing his right the second lime. Hence the indulgence to him that his costs should be fixed and certain to the small amount of ten dollars in treasury notes, no more and no less. And if there was such a judgment in this case as to authorize us (o revise it, we should be constrained to reverse it, so far at least as it is against the plaintiff for costs.
But other considerations have forced themselves on our consideration. Is the subject-matter of the finding of the jury such as the court below could adjudicate on, and is the judgment rendered on that verdict such as ought or can be revised ? The proceedings purport to be, according to the allegations contained in the plaintiff’s petition, founded on the 1st section of the statute before referred to; and we will recite the section. It is in the following words: “ That any individual holding or owning any headlight certificate issued by any board of land commissioners of the Republic of Texas, which certificate may not have been recommended as genuine and legal by the general and local commissioners appointed under the act to which this is a supplement, may file his petition under oath in the District Court of the enmity where such certificates were issued, setting forth the grounds on which he founds his claim, and also stating that lie is entitled to the amount of laud claimed by virtue of his emigration to this country, or by virtue of the assignment of the headright claim of an actual emigrant and citizen of the country ; of which petition there need not be any service, but. the same, shall be filed in the office of the clerk of the District Court at least five days before tlie commencement of tlie *203 term of the court at which it may be tried, to which the general issue shall he considered as pleaded by the Republic. Whereupon a jury shall be impaneled as in other cases, and only oral testimony heard to try said cause; and should the jury And in favor of the claimant, it shall be the duty of the clerk to make out a certificate to that effect under the seal of the court and approved by the presiding judge; which certificate shall be handed over to the successful claimant.” It may be remarked here that the certificates referred to in the section just cited are such as were issued on a class of cases provided for by the general land laws on the subject of imperfect rights, and were to be used as a means of procuring patents from the Commissioner of the General Land Office. These laws need not be particularly referred to. It is sufficient to say that in no case is there any provision by law for the issuance of a.certificate by any board in favor of one who holds what purports on its face to be a perfect title, with the exception of the case where there is a conflict between two grants. (See. 38 of the general land law 14th December, 1837.) Any other certificate than those provided for by law would be a nullity and not coming within the the provisions of the laws to detect fraudulent certificates, and as such their not being reported genuine by the general and local board of commissioners could not make them more worthless; and the report in their favor could not have imparted any validity to them. The record and the finding of the jury, if they prove anything, show that the claim in this case was not such as would have authorized any board to have issued a certificate. If there is any merit in the claim, it is not provided for by law and does not come within the provisions of the section of the act we have cited. It is therefore not a case in which the State has consented to be sued.
The return of the jury is a wide departure from the object for which they were impaneled. Their duty was merely to find in favor of or against the claimant. They did neither. They have recommended things to be done that could not in law be done. They recommend that the title issued by Taylor, as commissioner, which seems on its face to be a perfect title, should be canceled by the Commissioner of the General Land Office, and that lie should issue, a certificate in favor of the plaintiff. The law did not authorize the. commissioner to do this, nor was it in the powerof the court to order him to do so. It was a master not within the special jurisdiction conferred by the first section of the act we have examined and cited. But this finding or return of the jury cannot he called a verdict. It was not responsive to the issue, and neither found for nor against the claimant, and was a nullity, and should have been only regarded by the court, if at all, as a subject of animadversion for an omission of duty'in not disposing of the issue submitted to them.
What purports to be the judgment of the court on this singular and extraordinary revelation from the jury box is equally objectionable. It is ambiguous, vague, and uncertain, rendering confusion worse confounded. It. does not follow the return of the jury. It assumes the fact that the jury had found for the plaintiff in favor of his claim. Now, the jury lias done no such thing. It then orders and adjudicates certain things to be done. What they are, and how to be done is beyond my comprehension and wholly unknown to the. provision of the act under which the cause purported to be tried. The statute is clear as to what shall he done. When the verdict is in favor of the claimant the clerk hands him the certificate, approved by the judge, on the payment of the ten dollars by the plaintiff or successful claimant.
The action of the court is certain in nothing but in the matter of the ' costs, and in that there is manifest error. If the verdict had been for the plaintiff, and judgment in conformity with the law on that verdict, yet. from (lie facts as they appear from the record, we would have been bound to reverse the judgment,because those facts show that the plaintiff’s claim is not provided ¿or by Uio law under which the proceedings were liad. But believing the *204 return of the jury to be a nullity, and what purports to be a judgment to be-also a nullity, we cannot reverse, but must dismiss the cause from the docket.
Writ of error dismissed.